United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-20478

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

VERSUS

ANNIEDIABASI DICKSON OBOT, SR.,
a/k/a Anniediabasi Dickson Obot, a/k/a Anniediabasi Obot,

Defendant -Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
(05-CR-343)

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Anniediabasi Dickson Obot, Sr., ("Obot"), appeals from the judgment of conviction and

sentence imposed on three counts of immigration violations. Based on our review of the record,

his challenge to the sufficiency of the evidence supporting his conviction on all counts fails. In

addition, we reject his argument that the district court erred by summarily denying Obot's pretrial

motion to dismiss the illegal reentry charge, which challenged the legality of his deportation.

I.

Obot, a native of Nigeria, was deported in 2004 and barred from reentering the United

---

[*]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States. In February 2005, Obot went to the U.S. embassy in Nigeria and applied for a transportation letter to allow him to reenter the United States. On his application, Obot claimed that his resident alien card had been stolen from his vehicle in Nigeria. This was false as Obot's resident alien card had been taken from him when he was deported from the United States the prior year. Obot was successful in obtaining the transportation letter, which he used to reenter the United States.

After reentering the United States, Obot attempted to recover his permanent resident alien card that he had surrendered when he was deported. On his application. Obot checked the box to indicate that his old card had been "lost or stolen or destroyed." When his application was processed, immigration officials discovered that he was disqualified due to his prior deportation. Obot was advised that immigration officials were going to reinstate his prior order of deportation and charge him with several immigration violations.

Count One alleges that Obot violated 18 U.S.C. § 1546(a) by uttering and using a transportation letter issued by the American embassy in Nigeria to enter the United States knowing it to have been procured by a false claim and statement. Count Two alleges that he made a material, false statement on Form I-90 Application to Replace Permanent Resident Alien Card, also in violation of 18 U.S.C. § 1546(a). Count Three charges Obot with being an alien unlawfully in the United States after removal after having been convicted of an aggravated felony without having obtained the consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States, in violation of 8 U.S.C. § § 1326(a) and (b)(2).

Obot was convicted by a jury and sentenced, and now appeals.

2

II.

First, Obot argues that the evidence presented at his jury trial was insufficient to support his convictions. "The jury's verdict will be affirmed if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." United States v. Delgado, 256 F.3d 264, 273 (5th Cir. 2001). On Counts One and Two, Obot argues that the government did not prove that the immigration documents referred to in each count were "prescribed by statute or regulation for entry into . . . the United States" under 18 U.S.C. § 1546(a). The record reveals that the government did not identify the statutes and regulations that govern the preparation and use of the transportation letter or the Form I-90. However, several immigration agents testified who described their duties in issuing and examining transportation letters to aliens desiring to enter the United States. It is clear from their testimony that such letters are required by law before an alien could enter. Immigration agents also testified as to the examination and use of Form I-90. Similarly it is clear from their testimony that the form is a document required by immigration laws and regulations. The government placed sufficient evidence before the jury from which a reasonable juror could easily infer that both the transportation letter and the Form I-90 are documents prescribed by statute or regulation for entry into the United States.

On Count Three, Obot argues that the evidence was insufficient to establish that he was not a "national" of the United States and that he did not apply for permission from appropriate authorities to reapply for admission into the United States following his 2004 deportation. The court defined the term "national" as one who is a citizen of the United States, or one who though not a citizen, owes permanent allegiance to the United States. The evidence supports a

3

reasonable juror's finding that Obot is a national and citizen of Nigeria. His application for citizenship in which he swore that he was willing to take the full Oath of Allegiance to the United States does not preclude a reasonable juror from finding that he did not owe such allegiance at the time of his offense since his application was terminated with his deportation from the country. Obot's additional argument that the government failed to prove beyond a reasonable doubt that Obot did not apply for admission to the United States after his deportation also fails. The government submitted evidence about the contents and maintenance of each alien's "A-file" in which such an application would have been filed if it had in fact been submitted. The absence of the record satisfies the government's burden of proof.

## III.

Prior to trial, Obot filed a motion to dismiss the illegal reentry charge on the basis that his prior deportation was unconstitutional because the immigration judge erroneously denied Obot the right to apply for discretionary relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act. Obot concedes that this court's holding in United States v. Lopez-Ortiz, 313 F.3d 225 (5th Cir. 2002), precludes relief on his motion to dismiss, but raises the issue to preserve it for further appellate review.

## IV.

For the foregoing reasons, Obot's conviction is AFFIRMED.

4

5